947 F.2d 942
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Benny Hugh ROSEMAN, Jr., Defendant-Appellant.
 No. 91-5287.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 25, 1991.
Decided Nov. 12, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Salisbury. Richard C. Erwin, Chief District Judge. (CR-90-242-S)
 Daniel S. Johnson, Wilson, Degraw, Johnson & Rutledge, Winston-Salem, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before K.K. HALL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Benny Hugh Roseman, Jr., appeals his conviction for use of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), arguing that the district court erred in failing to suppress cocaine and other evidence found on his person during a warrantless search. After a thorough review of the parties' briefs and the record, we affirm.
 
 I.
 
 2
 Just prior to the search here in question, Detective Garrett of the Kannapolis, North Carolina, police department received information from a confidential reliable informant that Roseman was in the process of selling cocaine at three local bars. The informant stated that he had recently spoken with Roseman at one of the bars, that Roseman was in possession of "an ounce and a half to two ounces of cocaine," that Roseman was wearing coveralls and a pair of "biker boots," and that Roseman was driving a blue Toyota Corolla hatchback. Garrett was familiar with Roseman and his vehicle and also knew that the bars mentioned by the informant were known centers for drug activity.
 
 
 3
 Garrett immediately contacted his colleague, Detective Cello, and the two began to patrol the bars in an unmarked vehicle. They found the vehicle described by the informant parked outside one of the bars and conducted a surveillance until an individual identified by Garrett as Roseman exited the bar accompanied by two companions and drove out of the parking lot in the Toyota. Garrett and Cello followed and stopped the vehicle with the help of a marked patrol unit. Cello approached the vehicle, identified himself to Roseman, told Roseman that he was being stopped based on information that he was in possession of cocaine, and asked Roseman to get out of the car. He and Garrett then initiated a pat-down search of Roseman's person.
 
 
 4
 During the course of the pat-down search, Garrett and Cello felt a hard object in Roseman's breast pocket. They unzipped the pocket and retrieved a plastic case containing a small medicine bottle. They immediately opened the bottle and discovered a white powder which they believed to be cocaine. They then continued their search of Roseman and discovered numerous other baggie corners of white powder, a loaded gun, and over twelve hundred dollars in cash. Roseman was arrested. The white powder later proved to be cocaine.
 
 II.
 
 5
 The district court upheld the initial stop under Terry v. Ohio, 392 U.S. 1 (1968). Roseman argues on appeal that the officers had no reasonably articulable suspicion upon which to base their investigative stop and that the ensuing search was therefore invalid.
 
 
 6
 Under Terry an officer who holds a reasonable suspicion that criminal activity is afoot may seize the person suspected of such activity for further investigation, and, if the officer reasonably fears that the person is armed and dangerous, may conduct a weapons frisk. 392 U.S. 1. A "totality of the circumstances" test controls, United States v. Cortez, 449 U.S. 411, 417-18 (1981), but reasonable suspicion falls short of the level of suspicion required for probable cause. United States v. Sokolow, 490 U.S. 1 (1989).
 
 
 7
 Informant information may provide the sole basis for an officer's reasonable suspicion where that information carries some indicia of reliability. Alabama v. White, 58 U.S.L.W. 4747 (U.S.1990) (anonymous tip supported Terry stop); Adams v. Williams, 407 U.S. 143 (1972) (information from a known informant supported stop). In this case, the informant was known by Garrett to be reliable and he and Cello immediately corroborated the informant's tips through their own observations. They were also independently aware that the bars identified by the informant were drug markets. Under the "totality of the circumstances" test of Cortez, the officers clearly had reasonable suspicion to make an investigative stop.
 
 
 8
 After a suspect is validly stopped, he may be required to exit his vehicle. Pennsylvania v. Mimms, 434 U.S. 106 (1977); United States v. Taylor, 857 F.2d 210 (4th Cir.1988). The right to then initiate a frisk for weapons follows in those cases where the underlying felony frequently involves weapons. E.g., United States v. Crittendon, 883 F.2d 326, 328-29 (4th Cir.1989) (burglary suspect properly frisked, as burglary often involves use of weapons); United States v. Moore, 817 F.2d 1105, 1108 (4th Cir.) (same), cert. denied, 484 U.S. 965 (1987). Weapons are "tools of the trade" of drug dealers. United States v. Gilliard, 847 F.2d 21, 25 (1st Cir.1988), cert. denied, 488 U.S. 1033 (1989). Thus, it was appropriate for the officers in this case to initiate a frisk for weapons. See United States v. Salas, 879 F.2d 530, 535 (9th Cir.), cert. denied, 58 U.S.L.W. 3351 (U.S.1989).
 
 
 9
 We need not consider whether the ensuing search remained within the bounds of a Terry frisk for weapons. At this point the officers had probable cause to arrest Roseman. Hence, their warrantless search is best characterized as a search incident to arrest.
 
 
 10
 Probable cause to arrest exists if the totality of the circumstances known to the arresting officers would warrant a reasonably prudent person in believing that a crime was being committed. Illinois v. Gates, 462 U.S. 213 (1983); Beck v. Ohio, 379 U.S. 89 (1964). Tips provided by an informant may establish probable cause to arrest if the known veracity of the informant and the officers' corroborative efforts make it likely that the information provided is correct. E.g., United States v. Porter, 738 F.2d 622, 625-26 (4th Cir.) (in banc) (informant's tip and corroboration provided probable cause), cert. denied, 469 U.S. 983 (1984); United States v. Shepherd, 714 F.2d 316, 317 (4th Cir.1983) (same).
 
 
 11
 In this case, Garrett received very specific information about Roseman's activities, appearance, and the identity of his vehicle. This information was immediately confirmed by Garrett and Cello's own observations. These facts, taken together with the officers' own knowledge of drug activity at the locations described by the informant, were adequate to establish probable cause to arrest, even prior to the Terry stop. The Terry stop simply provided additional corroboration of the informant's information.
 
 
 12
 Searches incident to arrest constitute a well-established exception to the warrant requirement. See United States v. Robinson, 414 U.S. 218 (1973). This search may be considered incident to arrest even though it occurred immediately before the arrest, because the officers had probable cause to arrest Roseman independent of the information obtained during the course of their search. See United States v. Miller, 925 F.2d 695, 698-99 (4th Cir.1991).
 
 
 13
 Because the search of Roseman's person was a valid search incident to arrest, we affirm the district court's denial of Roseman's motion to suppress evidence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 14
 AFFIRMED.